**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRANCE T. HATCHER, | ) |
| Plaintiff, | )     Case No. 2:13-cv-01378-JCM-CWH |
| vs. | ) |
| J. Zeh, *et al.*, | )     **ORDER** |
| Defendants. | ) |

Plaintiff, who is a detainee at the Clark County Detention Center  has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis*. The court finds that plaintiff is unable to make an initial installment payment.  However, pursuant to 28 U.S.C. § 1915, plaintiff will be required to make monthly payments toward the full filing fee of one hundred fifty dollars ($350.00) when he has funds available.

The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is

2

1     insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

2        A reviewing court should "begin by identifying pleadings [allegations] that, because they are no

3 more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S.

4 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

5 complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual

6 allegations, a court should assume their veracity and then determine whether they plausibly give rise to

7 an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a

8 context-specific task that requires the reviewing court to draw on its judicial experience and common

9 sense." *Id*.

10        Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

11 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

12 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

13 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

14 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

15 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

16 **II.**      **Discussion**

17        Plaintiff alleges that on July 10, 2012, he was detained by MGM Signature Hotel Security

18 personnel in violation of "proper procedure[s]." Plaintiff alleges that he was forcible extracted from a

19 taxi cab by defendant MGM security guard Juan Solis as a "person of interest" in burglaries that had

20 occurred in the hotel. He was then placed in handcuffs by defendant MGM security guard Stacey

21 Strickand and moved to a holding room where he was handcuffed to a bench for nine hours, being

22 denied the ability to drink water "on [his] own," but was "fed" water by defendant Solis. He alleges he

23 was denied access to a bathroom for a period of three hours and he was denied food and taunted with

24 an unreachable piece of candy by defendant security guard S. Petty or J. Zeh.

25        Additionally, plaintiff alleges that Metropolitan Police Officers Roy Horn and Brain Mildebrandt

26

1   "took things from [him] and made lies" by misrepresenting plaintiff's statements in order to prosecute

2   him. He alleges these actions violated his right to due process as guaranteed by the Fourteenth

3   Amendment (count one), his rights to be free from unreasonable detention guaranteed by the Fourth

4   Amendment (count three), and his right to be free from cruel and unusual punishment as guaranteed by

5   the Sixth Amendment (count six).

6        Plaintiff further alleges that while he was detained, defendants Security Guards Solis and

7   Strickland searched and seized property from plaintiff's person and that defendants police officers Roy

8   Horn and Brain Mildebrandt and hotel security guard Richard Sterett searched and seized his property

9   from the hotel luggage check without first obtaining a search warrant or plaintiff's consent. Plaintiff

10  alleges that this violated his Fourth Amendment right to be free from unreasonable searches and seizures

11  (count two).

12       Plaintiff alleges that defendant Metro police officer K. Owen made up a "random charge" in

13  order to hold plaintiff until other officers could "build a case against [him]," violating his Fourth

14  Amendment rights (count four).

15            a.    *The Defendants*

16       "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained

17  of was committed by a person acting under color of state law; and (2) that the conduct deprived the

18  plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th

19  Cir.1989). The question of whether a person who has allegedly caused a constitutional violation was

20  acting under color of state law is a factual determination. *Brunette v. Humane Society of Ventura County*,

21  294 F.3d 1205, 1209 (2002). The plaintiff must sufficiently plead that the defendants engaged in state

22  action, *id.*, and the court must determine, from those facts, whether the defendants were, in fact, state

23  actors.

24       Private persons "jointly engaged with state officials in the challenged action, are acting 'under

25  color' of law for purposes of § 1983." *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980);

26

4

1  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605 (1970); *United States v. Price*, 383

2  U.S. 787, 794, 86 S.Ct. 1152, 1156 (1966).

3        In this instance, the defendants Solis, Strickland, Petty and Zeh are allegedly employed by the

4  hotel to act as security guards.  However, the actions of extracting and detaining plaintiff as a "person

5  of interest" in a police investigation for the purpose of turning him over to police can be seen as actions

6  of persons "jointly engaged with state officials" in the allegedly improper detention.  The private actors,

7  defendants Solis, Strickland, Petty and Zeh, may be required to answer this claim under these

8  circumstances.

9           b.   *The Claims*

10      The Fourth Amendment provides

11         The right of the people to be secure in their persons, houses, papers, and
       effects, against unreasonable searches and seizures, shall not be violated, and

12         no Warrants shall issue, but upon probable cause, supported by Oath or
       affirmation, and particularly describing the place to be searched, and the

13         persons or things to be seized.

14  Whether an investigatory detention has become a full fledged arrest, requiring probable cause, depends

15  in part on the duration of the detention.  "[A]n investigative detention must be temporary and last no

16  longer than is necessary to effectuate the purpose of the stop."  *Florida v. Royer*, 460 U.S. 491, 500, 103

17  S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983); *see also United States v. Holzman*, 871 F.2d 1496, 1501 (9th

18  Cir.1989).  Here, plaintiff alleges that he was detained by hotel security for more than nine hours to

19  allow police additional time to make a case against him before he was charged and arrested on a made

20  up charge to allow time for further investigation.  Plaintiff has stated a colorable Fourth Amendment

21  claim against the named defendants.

22        The prohibition against cruel and unusual punishment is guaranteed by the Eighth Amendment

23  and it is made applicable to pre-trial detainees through the Fourteenth Amendments guarantee of due

24  process.  *City of Revere v. Massachusetts General Hosp.,* 463 U.S. 239, 244 (1983).  "Under the Due

25  Process Clause, detainees have a right against conditions or restrictions that "amount to punishment."

26

*Pierce v. County of Orange,* 526 F.3d 1190, 1205 (9th Cir. 2008). Holding the plaintiff handcuffed to a bench without food for nine hours and without the use of the bathroom for several hours may present conditions that amount to punishment.

Plaintiff has stated a colorable claim against the named defendants under the Eighth and Fourteenth Amendments.

**III.   Conclusion**

The court finds that plaintiff is unable to make an initial installment payment. However, pursuant to 28 U.S.C. § 1915, plaintiff will be required to make monthly payments toward the full filing fee of one hundred fifty dollars ($350.00) when he has funds available.

The case may proceed as pled against the named defendants.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee of three hundred fifty dollars ($350.00) shall still be due, even if this action is dismissed, pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, the **Clark County Detention Center** shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (in months that the account exceeds $10.00) until the full three hundred fifty dollar ($350.00) filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Prisons, the **Clark County Detention Center** Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada

6

1  Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has

2  paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account.  The clerk

3  shall send a copy of this order to the **Clark County Detention Center** Accounting Supervisor, 330 S.

4  Casino Center Blvd., Las Vegas, NV 89101.

5      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the complaint, issue

6  summons to the named defendants herein, and deliver same to the U.S. Marshal for service.  The clerk

7  shall send to plaintiff eight (8) USM-285 forms, one copy of the complaint and a copy of this order.

8  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-

9  285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285

10  showing whether service has been accomplished, Plaintiff must file a notice with the court identifying

11  which defendants were served and which were not served, if any.  If plaintiff wishes to have service

12  again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the

13  unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or

14  whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules

15  of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date

16  that the complaint was filed.

17      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if

18  appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other

19  document submitted for consideration by the court.  Plaintiff shall include with the original paper

20  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

21  to the defendants or counsel for the defendants.  The court may disregard any paper received by a district

22  judge or magistrate judge which has not been filed with the clerk, and any paper received by a district

23  judge, magistrate judge or the clerk which fails to include a certificate of service.

24  ///

25  ///

26

7

1    Dated: September 6, 2013

2

3

4                                        _____

5                                        C.W. Hoffman, Jr.
                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26