# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE T. HATCHER, | ) |
|                     Plaintiff, | ) Case No. 2:13-cv-01378-JCM-CWH |
| vs. | ) **ORDER** |
| J. ZEH, *et al.*, | ) |
|                     Defendants. | ) |

      This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (#20), filed on December 10, 2013. Plaintiff requests counsel be appointed because he is unable to afford counsel, has limited access to the law library, and limited education.

      Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances," *see Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

      To determine whether the "exceptional circumstances" necessary for appointment of counsel are present the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789

F.2d at 1331.  The court has considerable discretion in making these findings.

Upon review, the Court finds that the exceptional circumstances necessary to justify appointment of counsel are not present.  The financial reason proffered in support of Plaintiff's request for appointment of counsel is not an adequate basis for appointment of an attorney.  Additionally, Plaintiff has thus far demonstrated his ability to articulate his claims *pro se* and the legal issues are not complex.  So long as a *pro se* litigant is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" that might require the appointment of counsel do not exist.  *Wilborn*, 789 F.2d at 1331 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that plaintiff "may well have fared better").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (#20) is **denied**.

DATED this 11th day of December, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**