**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERRANCE T. HATCHER,<br><br>  Plaintiff(s),<br><br>v.<br><br>BRIAN MILDEBRANT #5449, et al.,<br><br>  Defendant(s). | 2:13-CV-1378 JCM (CWH) |

**ORDER**

Presently before the court is *pro se* plaintiff Terrance T. Hatcher's motion *in limine* to prohibit introduction of criminal history. (Doc. # 37). Defendants Juan Solis, Stacey Strickland, and Richard Sterett filed a response in opposition to this motion. (Doc. # 38). Defendants Brian Mildebrandt, J. Zeh, K. Owen, Ryan Horn, and S. Petty filed a separate response in opposition to this motion. (Doc. # 39).

The court will address only those facts which are pertinent to resolve the instant motion *in limine*.

**I.   Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude

**James C. Mahan**
**U.S. District Judge**

in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## II. Analysis

Plaintiff broadly requests that the court preclude defendants from introducing his criminal history, including the conviction for which he is presently incarcerated. In support, plaintiff cites to NRS 48.035, NRS 50.095, and various Nevada Supreme Court cases.

However, since the instant action is before a federal court arising under a federal statute, the Federal Rules of Evidence ("FRE") control. The federal corollaries of the Nevada evidentiary rules cited by plaintiff are FRE 403 and FRE 609. FRE 403 addresses the exclusion of relevant evidence due to prejudice, confusion, waste of time, and other specific reasons. FRE 609 sets out provisions regarding the admissibility of past criminal convictions.

Given the relevant rules, plaintiff fails to explain why this evidence should be excluded. Specifically, plaintiff does not mention how his criminal history would unfairly prejudice him or why his criminal history would be irrelevant to this case. Further, plaintiff fails to discuss any details that would cast his convictions outside the presumption of admissibility provided by FRE 609.

Plaintiff cites to a Nevada Supreme Court decision and states that "a balancing process must be undertaken prior to ruling on [the] admissibility of [prior felonies]." (Doc. # 37, p. 3). Indeed, FRE 403 requires a balancing test, but defendant fails to show that the probative value of this evidence "is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."

Nevertheless, the court will enforce the rules of evidence and the parties may raise an objection if this issue arises at trial.

Accordingly, plaintiff's motion *in limine* will be denied.

### III. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion *in limine* (doc. # 37) be, and the same hereby is, DENIED.

DATED July 10, 2014.

*/s/ James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE