1

2

3

4                       UNITED STATES DISTRICT COURT

5                            DISTRICT OF NEVADA

6                                   * * *

7   TERRANCE T. HATCHER,                        Case No. 2:13-CR-1378 JCM (CWH)

8                      Plaintiff(s),                        ORDER

9          v.

10  BRIAN MILDEBRANDT, et al.,

11                     Defendant(s).

12          Presently before the court is a motion for summary judgment filed by defendants Juan

13  Solis, Richard Sterett, and Stacey Strickland (hereinafter the "security defendants").  (Doc. # 51).

14  *Pro se* plaintiff Terrance Hatcher (hereinafter "plaintiff") filed a response, (doc. # 57), and the

15  security defendants filed a reply, (doc. # 58).

16          Also before the court is a motion for summary judgment filed by defendants Ryan Horn,

17  Brian Mildebrandt, Jon Zeh, Kyle Owen, and Sheldon Petty (hereinafter the "LVMPD

18  defendants").  (Doc. # 53).  Plaintiff filed a response, (doc. # 57), and the LVMPD defendants

19  filed a reply, (doc. # 61).

20          Also before the court is plaintiff's "motion to dismiss" the instant summary judgment

21  motions.   (Doc. # 56).   This "motion" constitutes plaintiff's only response to defendants'

22  summary judgment motions.  It was filed twice on the docket, both as a response and a motion.

23  (Docs. # 56, 57).  The court will address the merits of plaintiff's arguments below.

24  **I.     Background**

25          The security defendants are private security personnel employed at the MGM Signature

26  Condominiums in Las Vegas, Nevada.  On or about July 10, 2012, and into the early morning of

27  July 11, 2012, the security defendants observed, by video surveillance, plaintiff walking through

28  an area of the MGM Signature Towers where he was not a registered guest.   The security

**James C. Mahan**
**U.S. District Judge**

1    defendants observed plaintiff burglarizing guest rooms on multiple floors.

2         The security defendants approached plaintiff as he attempted to leave the property in a

3    taxicab.   Consequently, the security defendants detained plaintiff with handcuffs, searched

4    plaintiff, recovered items that they believed to be stolen, and called Las Vegas Metropolitan

5    Police Department (LVMPD) approximately six minutes later.  The LVMPD defendants arrived

6    around three hours later.

7         Various LVMPD officers then investigated the situation.  LVMPD defendants Petty and

8    Mildebrandt interviewed MGM security officers and guests.  Mildebrandt also reviewed video

9    surveillance tapes.   Defendant Owen performed a pat down of plaintiff, discovered stolen

10   property, and requested plaintiff's personal information.  Pursuant to plaintiff's request, Owen

11   read plaintiff his Miranda rights.  Plaintiff told Owen that his name was Fredrick Eubanks,

12   provided identifying information, and stated that he had four traffic warrants.  Owen confirmed

13   this information and arrested plaintiff for the traffic warrants.

14        The LVMPD defendants then transported plaintiff to Clark County Detention Center

15   (CCDC), where he was fingerprinted.  Officers then discovered that plaintiff had used a false

16   identification and charged him with this crime.

17        LVMPD defendant Horn obtained luggage claim tickets from plaintiff's person and

18   retrieved luggage from the Monte Carlo and Bellagio hotels.  Horn then obtained a search

19   warrant for the bags and discovered further stolen property.

20        The Clark County District Attorney ("DA") then filed two criminal complaints against

21   plaintiff, which were later consolidated.  On December 12, 2012, plaintiff entered a voluntary

22   guilty plea to charges of grand larceny and burglary.  He later attempted to withdraw this plea,

23   but his conviction was affirmed.

24        On September 6, 2013, plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C.

25   § 1983.  (Doc. # 5).  Plaintiff asserts claims for: 1) due process violations; 2) unreasonable search

26   and seizure; 3) "unlawful detention"; 4) "unlawful arrest"; 5) cruel and unusual punishment; 6)

27   battery; 7) intentional infliction of emotional distress; 8) slander; 9) libel; 10) civil conspiracy;

28   11) false imprisonment; 12) "pain and suffering"; and 13) "negligent training, supervision, and

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  retention."

2      Namely, plaintiff alleges that the security defendants failed to follow proper procedure,

3  performing the role of police officers by detaining him until the police arrived.  He generally

4  contends that he was unlawfully detained and searched and that he was treated poorly.

5      Further, plaintiff alleges that the LVMPD defendants failed to follow rules in obtaining

6  evidence, failed to preserve evidence, and made false statements in their police reports and

7  search warrant affidavits.  All defendants now move for summary judgment.

8  **II.    Legal Standard**

9      The Federal Rules of Civil Procedure provide for summary judgment when the pleadings,

10  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

11  any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

12  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment

13  is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S.

14  317, 323-24 (1986).

15      In determining summary judgment, a court applies a burden-shifting analysis.  "When the

16  party moving for summary judgment would bear the burden of proof at trial, it must come

17  forward with evidence which would entitle it to a directed verdict if the evidence went

18  uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the

19  absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage*

20  *Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

21      By contrast, when the nonmoving party bears the burden of proving the claim or defense,

22  the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

23  essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

24  party failed to make a showing sufficient to establish an element essential to that party's case on

25  which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323-24.  If

26  the moving party fails to meet its initial burden, summary judgment must be denied and the court

27  need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S.

28  144, 159-60 (1970).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    If the moving party satisfies its initial burden, the burden then shifts to the opposing party
2    to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*
3    *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the
4    opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient
5    that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
6    differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
7    809 F.2d 626, 631 (9th Cir. 1987).

8    **III.     Discussion**

9         *A.   The LVMPD defendants*

10   In moving for summary judgment, the LVMPD defendants argue primarily that plaintiff's
11   claims are *Heck*-barred, that collateral estoppel bars the instant claims, and that the LVMPD
12   defendants are entitled to qualified immunity.  These arguments will be addressed in turn.

13              *i.*     Heck-*barred claims*

14   The LVMPD defendants first argue that plaintiff's § 1983 claims in the instant case are
15   barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* holds
16   that a § 1983 claim is not cognizable if a judgment in favor of the plaintiff would imply the
17   invalidity of his conviction or sentence, and his conviction or sentence has not been invalidated
18   by appeal, executive order, a state tribunal, or a federal court's issuance of a writ of habeas
19   corpus.  *Id.* at 486-87.

20   Here, plaintiff was convicted of burglary pursuant to a guilty plea.  While plaintiff later
21   attempted to withdraw his plea, the court denied plaintiff's motion and the Nevada Supreme
22   Court affirmed.  Plaintiff now alleges that the LVMPD defendants lacked probable cause to
23   search and arrest him.

24   Such a finding would effectively invalidate plaintiff's conviction.  The Ninth Circuit has
25   specifically found *Heck* to bar § 1983 claims alleging illegal searches where a valid conviction
26   stands.  *See Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (overruled in part on other
27   grounds) ("[A] § 1983 action alleging illegal search and seizure of evidence upon which criminal
28   charges are based does not accrue until the criminal charges have been dismissed or the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  conviction has been overturned."); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-84

2  (recognizing this rule).

3      Accordingly, the court agrees with the LVMPD defendants that plaintiff's claims are

4  *Heck*-barred and that summary judgment is appropriate.   Plaintiff has failed to produce any

5  evidence tending to show a genuine issue of material fact on this point.   His only opposition

6  seeks to strike defendants' motions for summary judgment.   As a result, the court will grant

7  summary judgment to the LVMPD defendants.

8          *ii.      Collateral estoppel*

9      Even if plaintiff's claims against the LVMPD defendants were not *Heck*-barred, they

10  would be barred by the doctrine of collateral estoppel.   *See Allen v. McCurry*, 449 U.S. 90, 91

11  (1980) (finding plaintiff barred from relitigating in § 1983 damages suit Fourth and Fourteenth

12  Amendment questions already litigated in state court).   Federal courts afford preclusive effect to

13  state court decisions.   *Id.* at 95.

14      In Nevada, "[t]he party invoking collateral estoppel must show first that the issue was

15  actually litigated in the first proceeding and necessarily determined, and second, that the parties

16  in the second proceeding are the same or in privity with those in the first proceeding."   *Marine*

17  *Midland Bank v. Monroe*, 756 P.2d 1193, 1194 (9th Cir. 1988).

18      Further, the Ninth Circuit has held that a probable cause determination at a preliminary

19  hearing bars relitigation of the issue in a § 1983 case alleging Fourth Amendment violations.   *See*

20  *Haupt v. Dillard*, 17 F.3d 285, 289 (finding probable cause determination sufficiently conclusive

21  and necessary to preclude relitigation).

22      Here, plaintiff was convicted in the underlying state action after preliminary hearings on

23  the charges against him.   (Doc. # 53-3).   Without a finding of probable cause, the DA would not

24  have been able to prosecute plaintiff.   Based on the foregoing legal standard, the court finds that

25  the instant claims against the LVMPD defendants are also barred by collateral estoppel.   As a

26  result, summary judgment in favor of the LVMPD defendants would also be appropriate on these

27  grounds.

28  . . .

James C. Mahan
U.S. District Judge

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     *iii.*  *Qualified immunity*

  "A police officer has immunity if he arrests with probable cause." *Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir. 1986). Further, "[a] police officer is qualifiedly immune from a suit for damages arising from an allegedly illegal arrest or search unless a reasonably well-trained officer in [his] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Forster v. Cty. of Santa Barbara*, 896 F.2d 1146, 1147-48 (9th Cir. 1990) (citation and quotations omitted).

  As previously stated, plaintiff was convicted after preliminary hearings on all the charges against him. Further, the facts presented by the LVMPD defendants in the instant case support a finding of probable cause. Plaintiff admits that the LVMPD defendants prepared an affidavit and obtained a search warrant to search his bags. (Doc. # 53-7). The court thus finds that qualified immunity would similarly bar plaintiff's claims. Summary judgment in favor of the LVMPD defendants is therefore also appropriate on these grounds.

  **B.  The security defendants**

  The security defendants move for summary judgment on the grounds that they are not state actors as required for § 1983 claims and that plaintiff's claims are without merit. These arguments will be addressed in turn.

     *i.*  *State action*

  The security defendants claim that plaintiff cannot show a violation of a constitutional right under 42 U.S.C. § 1983. For the reasons below, the court agrees and will grant summary judgment on plaintiff's constitutional claims under § 1983.

  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The question of whether a person who has allegedly caused a constitutional violation was acting under color of state law is a factual determination. *Brunette v. Humane Soc. of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). The plaintiff must sufficiently plead that the defendants engaged in state action, and the court must determine,

**James C. Mahan**
**U.S. District Judge**

1   from those facts, whether the defendants were, in fact, state actors.

2       Private persons "jointly engaged with state officials in the challenged action, are acting

3   'under color' of law for purposes of § 1983." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980);

4   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *United States v. Price*, 383 U.S. 787, 794

5   (1966).

6       However, "a plaintiff must show 'the conduct allegedly causing the deprivation of a

7   federal right [was] fairly attributable to the State.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128,

8   1139 (9th Cir. 2012).  "[S]tate action may be found if, though only if, there is such a close nexus

9   between the State and the challenged action that seemingly private behavior may be fairly treated

10  as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

11  288, 295 (2001) (citation and quotation marks omitted).  The most pertinent example of such

12  action occurs "when a private actor operates as a willful participant in joint activity with the

13  State or its agents." *Id.* (citation and quotation marks omitted).

14      This case does not present any evidence that the state delegated any authority to the

15  security defendants or in any way condoned their actions.   In that sense, this case is

16  distinguishable from *Tsao*, in which private security officers acted pursuant to prior LVMPD

17  training and authority to issue summons in lieu of arrest.  698 F.3d at 1132-33, 1140-41 (finding

18  state action on these grounds).

19      In determining whether state action exists, courts have looked to whether the actor exists

20  as a "surrogate" for the state.  *See Brentwood Acad.*, 531 U.S. at 297.  Under the joint action test,

21  courts examine whether the personnel "acted in concert" with the government and whether "the

22  state has so far insinuated itself into a position of interdependence with [the private actor] that it

23  must be recognized as a joint participant in the challenged activity." *Franklin v. Fox*, 312 F.3d

24  423, 445 (9th Cir. 2002) (citations and quotation marks omitted) (alteration in original); *see also*

25  *Tsao*, 698 F.3d at 1140 (applying joint action test in determining whether casino's private

26  security officers were state actors).

27      Viewing the evidence in the light most favorable to plaintiff, the court cannot find a

28  genuine dispute of material fact regarding the classification of the security defendants as state

**James C. Mahan**
**U.S. District Judge**

1   actors.  The only evidence before the court connecting the security defendants to the government

2   is that they called LVMPD upon detaining plaintiff for burglary.  Plaintiff has produced no

3   evidence, and there is no evidence before the court, tending to prove that LVMPD condoned or

4   encouraged the security defendants' action in any way.

5          Accordingly, the court cannot attribute the security defendants' action to the state.

6   Because plaintiff has failed to prove state action on the part of the security defendants, the court

7   will grant summary judgment on plaintiff's constitutional claims under 42 U.S.C. § 1983.

8                    *ii.*     *Constitutional violations*

9          Notably, the court also fails to identify a genuine dispute of material fact over the

10  constitutional violations that plaintiff alleges.  Plaintiff claims violations of his fourth, eighth,[1]

11  and fourteenth amendment rights.  An individual's fourth and eighth amendment rights are

12  incorporated against the states pursuant to the fourteenth amendment's due process clause.

13  Based on the evidence presented by defendants, the court does not find any of plaintiff's

14  constitutional claims to be viable.

15         The Fourth Amendment prohibits unreasonable searches and seizures.  U.S. Const.

16  amend. IV.  A warrantless arrest is constitutional if it is supported by probable cause.  *United*

17  *States v. Thornton*, 710 F.2d 513, 515 (9th Cir. 1983).  Here, the security defendants viewed

18  footage of plaintiff on the premises taking items from hotel rooms.  This was "sufficient to

19  warrant a prudent man in believing that the [suspect] had committed or was committing an

20  offense."  *See Beck v. Ohio*, 379 U.S. 89, 91 (1964).

21         As the security defendants note, Nevada law authorizes citizen's arrests.  *See* NRS

22  171.126 ("A private person may arrest another . . . [w]hen a felony has been in fact committed,

23  and the private person has reasonable cause for believing the person arrested to have committed

24  it.").  Nevada law classifies burglary as a felony, and the instant facts fall under Nevada's

25  definition of burglary.  *See* NRS 205.060.  Accordingly, plaintiff's fourth amendment claim is

26  _____

27         [1] Count five of plaintiff's complaint attempts to state a claim for violation of the "right to
   be free from cruel and unusual punishment which is guaranteed by the Sixth Amendment."  The
   Sixth Amendment of the United States Constitution establishes the trial rights of the criminally
28  accused.  The Eighth Amendment forbids cruel and unusual punishment.  Therefore, the court
   will assume that plaintiff intended to assert a claim under the Eighth Amendment.

**James C. Mahan**
**U.S. District Judge**

1    unsupported and without merit.

2         Plaintiff's claim for cruel and unusual punishment is also baseless.  Plaintiff's only

3    argument in support of this claim is that the security defendants detained him for 9 hours, would

4    not let him use the restroom for three hours, and "fed" him water rather than letting him drink it

5    on his own.  (Doc. # 5).

6         "Eighth Amendment scrutiny is appropriate only after the State has complied with the

7    constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v.*

8    *Wright*, 430 U.S. 651, 671 n. 40 (1977).  The conduct at issue occurred well before any trial or

9    criminal prosecution of plaintiff.  As a result, plaintiff has no eighth amendment claim.

10        Therefore, even if the court were to find state action, which it does not, plaintiff's claims

11   against the security defendants would fail.  As a result, summary judgment in favor of the

12   security defendants is appropriate.

13        *C.  Plaintiff's "motion to dismiss"*

14        Plaintiff's only response is labeled as a "motion to dismiss" defendants' summary

15   judgment motions.  (Doc. # 56).  Plaintiff states that he needs more time for discovery and that

16   defendants still have not sent him the audio and video of plaintiff in the holding room at MGM.

17   (Doc. # 56).

18        Discovery in this case closed on August 8, 2014.  (Doc. # 41).  As the security defendants

19   noted in their reply, defendants provided the relevant surveillance videos to defendant on two

20   separate occasions.  (Doc. # 58).

21        Notably, the court must hold *pro se* parties to less stringent standards.  *Haines v. Kerner*,

22   404 U.S. 519, 520-21 (1972).  Plaintiff appears to be asking the court to strike the motions for

23   summary judgment.  Plaintiff also seems to be asking the court either for an extension of

24   discovery or for relief pursuant to Federal Rule of Civil Procedure 56(d).

25        Even when holding plaintiff's motion to less stringent standards, the court sees no

26   grounds to grant plaintiff's motion.  The court recognizes that plaintiff is incarcerated and thus

27   subject to additional restrictions on access to research and mail.  However, discovery in this case

28   closed three months ago.  As the court previously stated, plaintiff has consistently failed to

**James C. Mahan**
**U.S. District Judge**

1    advance any facts supporting his claims for relief against defendants.  Accordingly, "dismissal"

2    of the motions for summary judgment is inappropriate, and they will be granted.

3         **D.  Plaintiff's state law claims**

4         Considering the court's ruling on the instant motions, the only remaining claims in this

5    suit are plaintiff's state law claims for battery, IIED, slander, libel, civil conspiracy, false

6    imprisonment, pain and suffering, and negligent supervision.  (Doc. # 5).

7         The court therefore declines to exercise supplemental jurisdiction over plaintiff's

8    remaining state law causes of action.  *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir.

9    1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for

10   resolution, it should decline jurisdiction over the state claims and dismiss them without

11   prejudice").

12        Based on the foregoing, plaintiff's remaining state law claims will be dismissed without

13   prejudice.

14   **IV.   Conclusion**

15        Accordingly,

16        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the security

17   defendants' motion for summary judgment, (doc. # 51), be, and the same hereby is, GRANTED.

18        IT IS FURTHER ORDERED that the LVMPD defendants' motion for summary

19   judgment, (doc. # 53), be, and the same hereby is, GRANTED.

20        IT IS FURTHER ORDERED that plaintiff's "motion to dismiss" defendants' summary

21   judgment motions, (doc. # 56), be, and the same hereby is, DENIED.

22        IT IS FURTHER ORDERED that the clerk of the court enter judgment in favor of

23   defendants and close this case.

24        DATED November 17, 2014.

25   _____

26   UNITED STATES DISTRICT JUDGE

27

28

**James C. Mahan**
**U.S. District Judge**

- 10 -